VAZAKAS v. VAZAKAS.

(Supreme Court, Special Term, Kings County. March 24, 1908.)

1. MARRIAGE—ANNULMENT—PROOF.

Although an action to annul a marriage be undefended, sufficient proof of the facts alleged to warrant annulment must be offered in order to obtain a decree.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Marriage, § 131.]

**2. SAME—VALIDITY—WHAT LAW GOVERNS.**

A marriage is valid or void according to the laws of the place where it was contracted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Marriage, § 3.]

**3. EVIDENCE—PRESUMPTIONS—LAWS OF FOREIGN COUNTRIES.**

In the absence of proof of the law of a foreign country, it will be presumed to be the same as that of the forum.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 102.]

**4.᛫ MARRIAGE—ANNULMENT—FRAUD—STATUTORY PROVISIONS.**

Under the express provisions of Code Civ. Proc. § 1743, subd. 4a, marriage may be annulled where the consent of one of the parties was obtained by force, duress, or fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Marriage, §§ 122, 123.]

**5. SAME—SUFFICIENCY OF EVIDENCE.**      ᛫

Though, in an action to annul a marriage on the ground of fraud or duress, the husband or wife is not precluded from testifying against the other, where plaintiff is the only witness in his behalf, and defendant is in a distant foreign country, where the ceremony, if any, was performed, plaintiff's uncorroborated testimony, if sufficient at all, should be full and convincing.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Marriage, § 131.]

Action by Alfred Vazakas against Louise Vazakas to annul a marriage. Decree refused, without prejudice to plaintiff.

Katz & Sommerich, for plaintiff.

CRANE, J. This action is brought to annul a marriage entered into between the above-named parties in Greece, on the ground of fraud and hypnotic influence practiced by the wife, thereby preventing that consent or meeting of the minds requisite to constitute a valid contract. The defendant resides in Greece, and the plaintiff is a Greek, having received, however, his education in this country.

Although this action is undefended, the summons having been served upon the nonresident defendant by publication, yet the court must have proof of the facts upon which the allegations of nullity are founded before it is justified in granting the decree, and the proof offered on this hearing has been, to my mind, insufficient and unsatisfactory. A marriage is valid or void according to the laws of the place where contracted (Kent's Commentaries [14th Ed.] vol. 2, p. 128; Caujolle v. Ferrie, 26 Barb. 177); the cases handed me by counsel, referring to the law governing the dissolution, and not the contracting, of a marriage. But however that may be, as we do not know from the evidence what the laws of Greece are, we may presume them to be the same as those of our own state, and that section 1743, subd. 4, applies permitting an action to annul a marriage where the consent of one of the parties was obtained by force, duress, or fraud.

Counsel has referred me to a great number of cases where various tricks, deceits, and misrepresentations have been proved and judgment rendered for the plaintiff, but the difficulty with this case is not the law, but the nature and quality of the evidence. The husband, 20 years of age when married, is the only witness to the alleged hypnotic influence which he claims stole his consent, and his testimony is very

vague and uncertain, showing chiefly much persuasion and artful methods to bring him before the priest. What the ceremony was, or what was said and done, of course, he cannot and does not say.

In actions for divorce on the ground of adultery section 831 of the Code of Civil Procedure precludes the husband or wife from testifying against the other, except to prove the marriage or disprove the alleged adultery, and the courts are very strict in seeing that this law is upheld, even in cases taken by default. Such a restriction, however, does not apply to cases of annulment on the ground of fraud or duress, and yet where the plaintiff, as in this case the husband, is the only witness in his behalf, and the defendant is in a far off country, where the ceremony, if any, was performed, certainly reason, as well as public policy, demand that such uncorroborated testimony, if ever sufficient, should be full and convincing.

For one I do not think the courts of this state should grant decrees annulling foreign marriage—where the wife or husband has not come to this country—on the unsupported testimony of the other party to the contract that there was fraud, duress, or force in procuring the consent to the marriage. It certainly opens very wide the gates to fraud and deceit, and affords an easy method to the unscrupulous for ridding themselves of the ties of matrimony.

I shall refuse a decree in this case because of the insufficiency of the evidence, without prejudice to the plaintiff to bring another action if he obtains more convincing proof.